IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01844-EWN-KLM
(Consolidated with Civil Action No. 07-cv-02248-EWN-BNB)

WENDY WILSON, as an individual and as the next of kin and personal representative of RYAN WILSON, deceased,

    Plaintiff,

v.

CITY OF LAFAYETTE,
LAFAYETTE POLICE DEPARTMENT,
LAFAYETTE POLICE OFFICER JOHN HARRIS,
LAFAYETTE POLICE CHIEF PAUL SCHULTZ,
JOHN DOES 1-5, and
TASER INTERNATIONAL, INC.,

    Defendant(s).
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants' City of Lafayette and the Lafayette Police Department's **Motion to Dismiss** [Docket No. 19; filed September 24, 2007] and **Plaintiff Wendy Wilson's Response to Motion to Dismiss** [Docket No. 33; filed November 26, 2007] ("Plaintiff's Response").

    Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO.L.Civ.R. 72.1.C., this matter has been referred to this Court for recommendation. The Court has reviewed the Motion, Plaintiff's Respose, the pleadings, the case file, and the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully

recommends that the Motion to Dismiss [Docket No. 19] be **GRANTED**.

Defendants' Motion to Dismiss alleges that Plaintiff's First and Second Claims for Relief, which assert violations of 42 U.S.C. § 1983, should be dismissed against Defendant Lafayette Police Department. Defendants argue that Lafayette Police Department is not a separate and distinct legal entity amenable to suit under 42 U.S.C. § 1983. Defendants further argue that Plaintiff's Fourth Claim for Relief, which asserts negligence, should be dismissed as against Defendants City of Lafayette and Lafayette Police Department. Defendants contend that the Colorado Governmental Immunity Act (CGIA), C.R.S. § 24-10-106(1), provides sovereign immunity for public entities regarding all tort claims unless such immunity is expressly waived under the statute. Defendants state that as City of Lafayette and Lafayette Police Department are public entities within the meaning of C.R.S. § 24-10-103(5), and as no waiver of sovereign immunity has been established, this Court does not have subject matter jurisdiction over Plaintiff's negligence claims against these Defendants. Plaintiff's Response [Docket No. 33] likewise recognizes that Defendant Lafayette Police Department is not a separate and distinct entity amenable to being sued. Plaintiff also agrees that the CGIA bars the negligence claims that Plaintiff has filed against the City of Lafayette and Lafayette Police Department. Accordingly,

The Court respectfully RECOMMENDS that Defendants' Motion to Dismiss [Docket No. 19] be **GRANTED**. Plaintiff's First and Second Claims for Relief against Lafayette Police Department and Plaintiff's Fourth Claim for Relief against City of Lafayette and Lafayette Police Department are **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ.

P. 41(a)(2). In addition, the Court RECOMMENDS that each party bear its own costs and attorney fees.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

BY THE COURT:

__s/ Kristen L. Mix_____
United States Magistrate Judge

Dated: December 7, 2007