IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01844-EWN-KLM
(Consolidated with Civil Action No. 07-cv-02248-EWN-BNB)

WENDY WILSON, as an individual and as the next of kin and personal representative of Ryan Wilson, deceased, and
JACK WILSON, individually and as Personal Representative of the Plaintiff, the ESTATE OF RYAN WILSON,

    Plaintiffs,

v.

CITY OF LAFAYETTE, a municipality,
THE LAFAYETTE POLICE DEPARTMENT,
LAFAYETTE POLICE OFFICER JOHN HARRIS,
LAFAYETTE POLICE CHIEF PAUL SCHULTZ,
JOHN DOES 1-5, and
TASER INTERNATIONAL, INC.,

    Defendants.
_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant, Taser International, Inc.'s Motion for Leave to Disclose Additional Expert Witness** [Docket No. 88; Filed July 1, 2008] (the "Motion"). The Court has reviewed the Motion, Plaintiffs' Response [Docket No. 91; Filed July 18, 2008], Defendant's Reply [Docket No. 98; Filed August 4, 2008], the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion is **GRANTED**, as set forth below.

Defendant TASER International, Inc. ("TASER") requests leave to disclose two

1

additional expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2). *Motion* [#88] at 1. Defendant states that "[i]n order to adequately address all of the issues raised by Plaintiffs' experts, as well as experts to address the elements of a products liability claim related to the complex product in this case, it is necessary . . . to disclose two additional expert witnesses." *Id.* at 2. In essence, Defendant seeks to modify the number of expert witnesses permitted pursuant to the Second Amended Scheduling Order[1] [Docket No. 78], which was accepted for filing by the Court on March 27, 2008, as well as disclose these two additional experts after the time provided by the Scheduling Order. Plaintiffs argue that Defendant has not shown good cause to amend the Scheduling Order. *Response* [#91] at 5.

Numerous courts have noted, and I agree, that a "Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *See, e.g.,Washington v. Arapahoe County Dept. Of Social Services*, 197 F.R.D. 439, 441 (D.Colo. 2000) (citations omitted). Pursuant to Fed.R.Civ.P. 16(b), a scheduling order may be modified only upon a showing of good cause. Good cause has been interpreted to mean that "scheduling deadlines cannot be met despite a party's

---

[1] Both parties make references to a Third Amended Scheduling Order. The Court notes that Plaintiffs submitted a Third Amended Scheduling Order in connection with their Motion to reset the Preliminary Pretrial Conference [Docket No. 80; Filed April 21, 2008]. However, as the Third Amended Scheduling Order was identical to the Second Amended Scheduling Order, with the exception of the date of the Preliminary Pretrial Conference, the Court did not see the need to accept a Third Amended Scheduling Order for filing, and instead, simply reset the date of the Preliminary Pretrial Conference [Docket No. 82; Filed April 21, 2008]. Accordingly, the operative Scheduling Order remains the Second Amended Scheduling Order [Docket No. 78; Filed March 27, 2008].

diligent efforts, . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Jorgenson v. Montgomery*, 2007 WL 3119549, *3 (D.Colo. 2007) (quoting *Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co.*, 986 F.Supp 959, 980 (D.S.C. 1997)).

Pursuant to the Second Amended Scheduling Order, Defendant is limited to eight expert witnesses. *Second Amended Scheduling Order* [#78] at 17. Further, Defendant was to designate all experts and provide all information specified in Fed. R. Civ. P. 26(a)(2) to Plaintiffs on or before July 3, 2008. *Id.* That deadline was approved by the Court on March 27, 2008 [Docket No. 76]. Defendant argues that it met the July 3, 2008 deadline for disclosure of expert witnesses, but that it now seeks formal approval to use the expert testimony of two witnesses who were "conditionally" disclosed at that time. *Reply* [#98] at 4.

Plaintiff argues that "Defendant TASER in its Motion does not identify a single fact or circumstance in this case that it did not know about . . . when the Scheduling Order was entered by this Court." *Response* [#91] at 5. However, Defendant argues that it "had no way of knowing beforehand all of the varying topics Plaintiffs' experts ended up covering in their expert disclosures." *Reply* [#98] at 2. Moreover, Defendant states that its disclosure of two additional experts will not result in prejudice or additional burden to Plaintiffs, as "these same experts have already been disclosed by TASER's co-Defendants . . . ." *Id.* Defendant further asserts that it previously notified the Court and Plaintiffs that it might require additional experts based upon the potential breadth of the opinions of

3

Plaintiffs' experts. *Id.* at 6. Accordingly, having now received Plaintiffs' expert disclosures, Defendant states that it "did not, and could not, anticipate the breadth of topics Plaintiffs' experts ended up addressing in their expert disclosures, which is something TASER alerted Plaintiffs to early on in this case." *Id.*

This Court agrees. First, Defendant's counsel in fact notified Plaintiffs and the Court at the initial scheduling conference that it might require additional expert witnesses, depending upon the expert opinions tendered by Plaintiffs. Second, although the Scheduling Order contains a list of Plaintiffs' anticipated fields of expert testimony, Defendant argues that the opinions of Plaintiffs' experts "went well beyond the list of topics contemplated in the Scheduling Order." *Reply* [#98] at 2. As Defendant has argued that its need for these two additional experts could not have been identified until after receipt of Plaintiff's expert disclosures, the Court finds that Defendant has demonstrated both appropriate grounds for increasing the number of expert witnesses and appropriate diligence in making its request and, therefore, has demonstrated good cause to modify the Scheduling Order. *Jorgenson*, 2007 WL 3119549 at *3.

Accordingly, IT IS HEREBY **ORDERED** that **Defendant, Taser International, Inc.'s Motion for Leave to Disclose Additional Expert Witness** [Docket No. 88; Filed July 1, 2008] is **GRANTED**.

BY THE COURT:
\_\_s/ Kristen L. Mix_____
United States Magistrate Judge

Dated: August 6, 2008