IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No.  07-cv-01844-PAB-KLM
          (*consolidated with 07-cv-02248-PAB-BNB*)

WENDY WILSON, as an individual and as the next of kin and personal representative
of Ryan Wilson, deceased, et al.,

      Plaintiffs,

v.

CITY OF LAFAYETTE, et al.,

      Defendants.

_____

**ORDER**
_____

This matter is before the Court on plaintiffs' response briefs to defendants'
motions for summary judgment [Docket Nos. 166, 170, 171].  In each of their response
briefs, plaintiffs disregarded the mandatory format for such briefs specified in my
Practice Standards.  Plaintiffs included general objections to nearly all of the material
undisputed facts asserted in defendants' summary judgment motions without identifying
specific reasons for such apparent denials.  Instead of correlating their factual
statements to those in each motion for summary judgment and adding additional
disputed facts where appropriate, plaintiffs set forth a lengthy narrative in each
response brief of their "Statement of Facts" and failed to separately number or
paragraph such alleged facts.

Section III.F.3.b of my Practice Standards discusses the format that must be

used for motions for summary judgment under Fed. R. Civ. P. 56, response briefs to such motions, and reply briefs in support of such motions.  Thus, plaintiffs in this case, as with any party opposing a motion for summary judgment before this Court, must include a section in their response brief styled "Response to Statement of Undisputed Material Facts," which admits or denies the asserted material facts set forth by the party moving for summary judgment.  Practice Standards (Civil cases), Judge Philip A. Brimmer, § III.F.3.b.iv, available at http://www.cod.uscourts.gov/Judges/Judges.aspx. These admissions and denials must be made in separately numbered and paragraphed declarative sentences, employing the same numbering format used by the movant.  *Id.* Any denials of asserted material facts must be accompanied by a brief factual explanation of the reason or reasons for the denial and a specific reference to material in the record supporting such denial.  *Id.*  If plaintiffs believe that there exist additional disputed questions of fact that are not adequately addressed by admitting or denying those facts set forth by the movant, then plaintiffs are required to include in their response briefs a separate section styled "Statement of Additional Disputed Facts," which states each additional material disputed fact in separately numbered and paragraphed declarative sentences.  *Id.* § III.F.3.b.v.

As my Practice Standards make clear, the purpose of these procedures is to establish facts and determine which of them are in dispute.  Plaintiffs' failure to comply with the procedures set forth in § III.F.3.b of my Practice Standard frustrates this simple purpose.  Plaintiffs' response briefs, as submitted, inappropriately require the defendants and the Court decode their narrative statements in order to ascertain which facts are in dispute.

2

Accordingly, it is

**ORDERED** that plaintiffs' response briefs [Docket Nos. 166, 170, 171] are

STRICKEN.  It is further

**ORDERED** that plaintiffs shall re-file response briefs to defendants' motions for

summary judgment that comply with § III.F.3.b of the Practice Standards (Civil cases) of

this Court on or before **April 30, 2009**.  Defendants may submit reply briefs to plaintiffs'

response briefs within fifteen days of the date on which such response briefs are filed.


DATED April 9, 2009.

                                           BY THE COURT:


                                           s/Philip A. Brimmer
                                           PHILIP A. BRIMMER
                                           United States District Judge