IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No.  07-cv-01844-PAB-KLM
        (*consolidated with 07-cv-02248-PAB-BNB*)

WENDY WILSON, as an individual and as the next of kin and personal representative
of Ryan Wilson, deceased, et al.,

        Plaintiffs,

v.

TASER INTERNATIONAL, INC.,

        Defendant.

_____

**ORDER**
_____

        This matter comes before the Court on the stipulation of dismissal with prejudice
[Docket No. 377] filed by plaintiffs and defendant Taser International, Inc. ("Taser") on
August 2, 2011.  Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the matter
was deemed terminated upon the filing of the stipulation.  *See* Docket No. 378.

        On September 1, 2011, plaintiffs filed a Notice of Appeal [Docket No. 384] of the
Court's March 31, 2010 order [Docket No. 285] granting defendant Lafayette Police
Officer John Harris' combined motion for summary judgment and dismissal [Docket No.
119] and the motion for summary judgment of defendants Paul Schultz and the City of
Lafayette [Docket No. 131].  In the Notice of Appeal, plaintiffs contend that they are
appealing from the Court's August 2, 2011 "order or decision which adjudicated all the
claims and all the parties' rights and liabilities for this matter."  Docket No. 384 at 1.

        The Court did not enter an order dismissing the case on August 2, 2010, but

rather the case was deemed terminated pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Plaintiffs have not asked the Court to enter judgment pursuant to Federal Rule of Civil Procedure 58(d) on their claims against defendants Harris, Shultz and the City of Lafayette, who did not sign the Stipulation of Dismissal with Prejudice [Docket No. 377]. The Court finds there is at least some question whether the stipulation of dismissal effectively terminated this case[1] and, in any event, no order has entered adjudicating all of the parties' rights and liabilities. Therefore, the Court will dismiss plaintiffs' claims against Taser by this Order pursuant to Federal Rule of Civil Procedure 41(a)(2). Furthermore, the Court will order that judgment enter in favor of defendants Harris, Schultz, and the City of Lafayette and against plaintiffs pursuant to the Court's March 31, 2010 order.[2] For the foregoing reasons, it is

**ORDERED** that plaintiffs' claims against defendant Taser International, Inc. are DISMISSED with prejudice, each party bearing its own attorneys' fees and costs. It is further

**ORDERED** that judgment shall enter in favor of defendants Harris, Shultz and the City of Lafayette and against plaintiffs pursuant to this Court's March 31, 2010 order

---

[1]*Cf. Anderson-Tully Co. v. Federal Ins. Co.*, 347 F. App'x 171, 175-76 (6th Cir. 2009) (in resolving "a matter of first impression," concluding that previously-dismissed parties who had entered an appearance must sign a stipulation of dismissal to render it effective pursuant to Rule 41(a)(1)(A)(ii)).

[2]*Cf. B. Willis, C.P.A., Inc. v. BNSF Ry. Corp.*, 531 F.3d 1282, 1295 (10th Cir. 2008) ("'[A]n otherwise nonfinal decision becomes final and appealable if the district court adjudicates all remaining claims against all remaining parties before the appellate court acts to dismiss the appeal on the merits for lack of jurisdiction.' This court, therefore, has jurisdiction to consider an appeal from the district court's January 3, 2006, order, which was the decision named in the prematurely filed notice of appeal.") (citations omitted).

[Docket No. 285].

DATED September 2, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge