IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 07-cv-01844-PAB-KLM
(*consolidated with 07-cv-02248-PAB*)

WENDY WILSON, as an individual and as the next of kin and personal representative of Ryan Wilson, deceased, et al.,

    Plaintiffs,

v.

TASER INTERNATIONAL, INC., et al.,

    Defendants.

_____

**ORDER**
_____

This matter comes before the Court on plaintiffs' motion for review of Clerk's bill of costs determination [Docket No. 394]. Plaintiffs challenge the Clerk of Court's award of costs incurred by defendants in ordering certain deposition transcripts. The motion is fully briefed and ripe for disposition.

On September 8, 2011, final judgment entered in favor of defendants John Harris, Paul Schultz, and the City of Lafayette and against plaintiffs. *See* Docket No. 389. On October 11, 2011, the Clerk of the Court taxed costs pursuant to Fed. R. Civ. P. 54(d)(1) against plaintiffs and in favor of defendant John Harris for $13,246.77 [Docket No. 392] and in favor of defendants Paul Schultz and the City of Lafayette for $4,190.85 [Docket No. 393].

The Clerk of the Court is authorized to "tax as costs . . . [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C.

§ 1920(2). Defendants cited the deposition transcripts at issue in support of their motions for summary judgment, as well as a motion to exclude pursuant to Fed. R. Evid. 702, but plaintiffs argue that the costs of such transcripts cannot be recovered because the Court did not ultimately "utilize[]," Docket No. 394 at 3, ¶ 6, or "use[]" them. *Id.* at 6, ¶ 17.[1] Plaintiffs essentially claim that, in retrospect, it is clear that the issues addressed in the depositions were not ultimately those central to the disposition of the case. However, "materials may be taxable even if they are not 'strictly essential' to the district court's 'resolution of the case.'" *In re Williams Securities Litigation-WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009) (citation omitted). That a transcript was not ultimately a pivotal piece of evidence does not, as plaintiffs' argument implies, automatically render it a mere convenience to a party. *See In re Williams Securities Litigation*, 558 F.3d at 1147 ("The 'necessarily obtained for use in the case' standard does not allow a prevailing party to recover costs for materials that merely 'added to the convenience of counsel' or the district court.") (citation omitted).

In short, reasonable necessity is not assessed with the "benefit of hindsight." *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998). Here, plaintiffs fail to persuasively explain why transcription of the depositions was not reasonably necessary at the time.[2] Nor do plaintiffs contend that inclusion of the

---

[1]To the extent plaintiffs' motion turns on the argument that a court's failure to cite a deposition transcript precludes a prevailing party from recovering the costs of the transcript, plaintiffs identify no persuasive authority for that point.

[2]The Court notes that plaintiffs noticed certain of the depositions at issue here, *see* Docket No. 398 at 5, ¶ 7, apparently believing that the "particular facts and circumstances at the time the expense was incurred" warranted deposing these witnesses. *Callicrate*, 139 F.3d at 1340.

transcripts in support of defendants' motions was frivolous or outside the "bounds of vigorous advocacy." *Furr v. AT&T Techs., Inc.*, 824 F.2d 1537, 1550 (10th Cir. 1987) ("[I]f depositions were offered into evidence, were not frivolous and were within the bounds of vigorous advocacy, costs may be taxed.'") (citation omitted). Consequently, it is

**ORDERED** that plaintiffs' motion for review of Clerk's bill of costs determination [Docket No. 394] is DENIED.

DATED July 25, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge
